# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-12-246 |
| | § | Cr. No. C-12-626 |
| MIGUEL ISRAEL | § | |
| MARTINEZ-MORENO, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant Miguel Israel Martinez-Moreno's motions requesting a downward departure due to deportation orders entered against Defendant and the disparity of sentences between United States citizens and non-citizens. Defendant filed identical motions in both of his criminal cases before this Court. (See motions filed in Criminal Case No. 2:12-cr-00246 at D.E. 36 and Criminal Case No. 2:12-cr-00626 at D.E. 16.) For the reasons set forth below, Defendant's motions are DENIED.

Defendant was sentenced by this Court on August 30, 2012 to twenty-one months imprisonment for violating Title 8, United States Code, Section 1326, which prohibits the illegal re-entry of a previously deported alien. (Cr. No. 2:12-cr-00246, D.E. 27.) This was Defendant's second conviction for this crime in less than two years. On June 1, 2011, Defendant entered a plea of guilty to illegal re-entry of a previously deported alien in the Western District of Texas and was sentenced to thirteen months imprisonment and three years supervised release. *See*

1

*United States v. Martinez-Moreno*, Cr. No. 2:11-cr-00281-AM-1, D.E. 29 (W.D. Tex. Oct. 4, 2011). After completing his term of imprisonment, Defendant was released to the custody of the Bureau of Immigration and Customs Enforcement and deported from the United States to Mexico on January 18, 2012. (Cr. No. 2:12-cr-00626, D.E. 4.) Thereafter, Defendant returned to the United States and was arrested by United States Border Patrol agents near Freer, Texas on March 15, 2012. (*Id.*) At the time of his arrest, Defendant was still on supervised release for his prior illegal re-entry conviction. Jurisdiction over Defendant's supervised release was transferred from the Western District of Texas to this Court, a judgment of revocation was entered, and Defendant was committed to the custody of the United States Bureau of Prisons for an additional eight months. (Cr. No. 2:12-cr-00626, D.E. 9.)

In his present motions, Defendant seeks a downward departure of one year, arguing that federal inmates in Washington D.C. receive this benefit, and there is a disparity in sentences. Defendant additionally complains that prisoners at the Eden Immigration Center, where he is currently detained, are not provided education, vocational training, or any other benefits to lessen their federal sentences. And finally, Defendant argues that he should have been awarded a downward departure on his sentence under the fast track deportation program. (See arguments set forth in Cr. No. 2:12-cr-00246, D.E. 36 and Cr. No. 2:12-cr-00626, D.E. 16.) Defendant fails to indicate under what authority he seeks relief. The Court considers Defendants motions under both 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255.

First, the Court considers whether Defendant is entitled to a modification of his sentence pursuant to 18 U.S.C. § 3582(c). A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 130 S.Ct. 2683, 2687 (2010);

*see also Freeman v. United States*, 131 S.Ct. 2685, 2690–91 (2011).  Defendant's motions fail to state any grounds upon which relief may be granted under 18 U.S.C. § 3582(c).

Second, the Court considers whether Defendant is entitled to habeas corpus relief under 28 U.S.C. § 2255.  Defendant filed previous Section 2255 motions in each of his criminal cases asserting nearly identical claims. (See motions filed in Cr. No. 2:12-cr-00246 at D.E. 33 and Cr. No. 2:12-cr-00626 at D.E. 10.)  This Court does not have the authority to consider a second or successive motion unless the movant has obtained permission from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

The Fifth Circuit has explained that a Section 2255 motion is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted).  The *Orozco–Ramirez* court noted that if the facts underlying a claim occurred before the initial Section 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id*. at 869.  By contrast, where the facts supporting a claim arise after the filing of the initial Section 2255 motion, such a claim may be filed in a subsequent Section 2255 motion and will not be considered "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

3

In his previous Section 2255 motions, Defendant asserted that he was eligible for and should have received a downward departure pursuant to the fast track program or due to sentencing disparities between jurisdictions. This is essentially the same relief Defendant seeks in his present motions, and to the extent the present motions assert additional claims, these claims could have been raised in Defendant's earlier Section 2255 petitions. Accordingly, Defendant's motions are second or successive. As Defendant's motions do not indicate that he has sought or obtained permission from the Fifth Circuit Court of Appeals to file a second or successive petition, the Court is without jurisdiction to consider these claims.

## CONCLUSION

For the reasons set forth above, Defendant's motions requesting a downward departure (Cr. No. 2:11-cr-00246, D.E. 36; Cr. No. 2:11-cr-00626, D.E. 16) are DENIED.

ORDERED this 23rd day of May 2013.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**